IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: AMT, LLC,

Debtor.  CASE NO. 11-30933-WSS
Chapter 11

___

APPLICATION FOR RULE 2004 EXAMINATION

COMES NOW, creditor JEFFERSON BANK AND TRUST COMPANY, (the "Bank"), and moves the Court for entry of an order directing the debtor, AMT, LLC, (the "Debtor"), to appear for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and says:

1. The Bank is a creditor and party in interest in these proceedings and seeks to examine the debtor, AMT, LLC, (the "Debtor"), by and through its principal, Stephen Bunyard, a/k/a Paul Stephen Bunyard, a/k/a P. Stephen Bunyard.

2. The examination sought will relate to the acts, conduct and property of the Debtor and to any other matters which may affect the administration of the Debtor's estate.

3. The examination is necessary in order that the rights of creditors may be preserved.

4. The examination of the Debtor is sought to take place before an official court reporter at the offices of Destin Reporting & Technology Group, 36468 Emerald Coast Parkway, Old South Centre, Suite 2101, Destin, FL 32541, beginning at 2:00 p.m., Central Time, on Wednesday, August 24, 2011, (the "Examination Date"), and continuing thereafter until concluded.

5. In addition to the examination, The Bank seeks the production of those documents and things described on Exhibit "A" hereto to its attorney, Roland W. Kiehn, at his office address, 220 McKenzie Ave., Panama City, Florida, no later than five (5) days prior to the date of the Debtor's examination.

6. Debtor's counsel has agreed to the time and date for the examination as set forth herein.

WHEREFORE, the Bank requests entry of any order directing the examination of the Debtor as requested above.

BARRON, REDDING, HUGHES,
FITE, SANBORN & KIEHN,
LEEBRICK & DICKEY, P.A.

/s/
Roland W. Kiehn
Fla. Bar #0870250
P. O. Box 2467
Panama City, Florida 32402
(850) 785-7454
ATTORNEY FOR JEFFERSON
BANK AND TRUST COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to J. Steven Ford, Attorney for Debtor; U. S. Trustee, and all other parties listed on the court's electronic mailing matrix this 3rd day of August, 2011.

/s/
Roland W. Kiehn

Exhibit "A"

I. Certain Definitions and Instructions:

1. Unless otherwise set forth below, all capitalized terms shall have the definitions given to them in the Application to which this exhibit relates.

2. The term "document" or "documents" means, without limitation, letters, telegrams, interoffice or extra-office memoranda, memoranda of telephone calls and conferences, files, notes, reports, compilations of data, photographs, computer files, disks, CD-ROM disks or other tapes or storage facilities, whether encrypted or un-encrypted, microfilm, microfiche, or other type of written, printed, typed, stored or graphic matter, and any mechanical or electrical sound recordings or transcripts thereof pertaining to the subject of which inquiry is made; "document" or "documents" shall also mean all copies and drafts of any document or documents by whatever means made and in whatever form.

3. "you" or "your" shall mean the Debtor

4. "Petition Date" refers to May 27, 2011.

5. "Bankruptcy Court" refers to the United States Bankruptcy Court for the Northern District of Florida.

6. "Bankruptcy Case" shall refer to the case in which the Application/Order to which this Exhibit is attached was filed.

7. "Jefferson Bank Judgment" refers to that certain Final Summary Judgment entered in favor of the Bank and against the Debtor and others dated March 29, 2011, in the case styled as *Jefferson Bank and Trust Company v. AMT, L.L.C., et al.,* in the Circuit Court

of the First Judicial Circuit, in and for Okaloosa County, Florida, and assigned Case No. 10CA3282-S.

8. "Property" shall refer, collectively, to the two parcels of real property described in Attachment "A" to the Jefferson Bank Judgment; and "Parcel I," and "Parcel II" shall refer to the parcels of real property as described in that same Attachment "A."

9. "Related Parties" shall refer, collectively, shall mean all members and managers of the Debtor, and all corporations, limited liability companies, limited and general partnerships, and other business entities which are owned, in whole or in part, by the Debtor; and shall furthermore specifically include Michael Smallwood, Stephen Bunyard, ZTF Family, LP, the Zoe Elyse Bunyard Irrevocable Trust, and ZTF Consulting Group, Inc.

10. If you estimate that the total cost of copying, duplicating and delivering the requested documents (including postage) will exceed $500.00, you shall contact the undersigned attorney for the Plaintiff and obtain permission prior to incurring any expenses exceeding that amount.

II. Request:

1. All documents containing any statement evidencing the cost or value of any tangible or intangible assets now owned by the Debtor or which the Debtor now owns or owned within one (1) year prior to the Petition Date having a value or original cost in excess of $5,000.00, including any assets listed on any financial statement, including without limitation any appraisals of any real or personal property.

2. Copies of all federal and state tax returns, prepared or filed by the Debtor or on

the Debtor's behalf for the years 2008 to present, including income, sales and payroll tax returns, and, if applicable, any request for an extension of the deadline to file tax returns for the 2010 tax year.

3. Any documents evidencing any improvements made to the Property.

4. Any documents evidencing any loss or damage within the last three (3) years prior to the Examination Date of or to any real or personal property identified in of the Debtor's financial statements.

5. All documents evidencing the Debtor's ownership as of the Petition Date of any real or personal property, either individually or with any other person, which property is not included in the Debtor's Bankruptcy Schedules.

6. Any and all financial statements, profit and loss statements, or similar reports or documents, prepared by or on behalf of the Debtor, individually or jointly with another person or entity, and provided to any third party, including without limitation any lender or creditor or prospective lender or creditor other than the Bank, for the period between January 1, 2009, and the Examination Date.

7. Any and all loan applications or applications for credit made by or on behalf of the Debtor between the dates of January 1, 2009, and the Examination Date, together with and all documents provided in connection or conjunction with such loan applications for credit.

8. All documents in the nature of leases, licenses, occupancy agreements or similar agreements or contracts relating to any occupant of all or any portion of the Property as of the Petition Date and through and including the Examination Date.

H:\RKiehn\Jefferson Bank\AMT, LLC\App Rule 2004 Exam (Debtor).wpd

5

9. Copies of all financial statements for the debtor for the three (3) fiscal years preceding the Examination Date, whether or not provided to any third parties, including any footnotes or other disclosure statements explaining the significant accounting policies used as to each; and, if any such financial statements were prepared by outside preparers, copies of all transmittal or opinion letters from those preparers.

10. Documents, including accounting records, showing any transactions between the Debtor and any Related Parties; and any accounts payable or accounts receivable arising or generated from any such transactions.

11. All documents showing current aging schedules for accounts or notes receivable and accounts or notes payable for the Debtor and any business in which the Debtor is engaged.

12. All cash and checking account records, including latest reconciliations, for the Debtor for the period beginning one (1) year prior to the Petition Date and through and including the Examination Date.

13. All loan commitments or agreements to lend money or extend credit received by the Debtor within the three (3) year period prior to the Examination Date, whether or not the subject loans or extensions of credit were ever made or received.

14. All documents relating to the assessed or taxable value for the Property or any portion thereof as established or published by the Okaloosa County Property Appraiser, including without limitation any petition or appeal, formal or informal, to the Property Appraiser, any Value Adjustment Board, or any other person or entity.

15. All documents containing any offer to sell or transfer the Property or any portion

or portions thereof or any interest or interests therein at any time from and after January 1, 2003, and through and including the Examination Date, including without limitation any listing agreements with any real estate agents or brokers, any advertisements, and any listings on MLS or any other website or listing service of any kind.

16. Any offers inquiries, offers to purchase, letters of intent, contracts, proposals and similar documents relating to any offer to purchase the Property or any portion thereof or any interest therein, at any time from and after January 1, 2003, and through and including the Examination Date.

17. All documents indicating the existence of current insurance coverage for any or all of the Debtor's real and personal property, including the Property.

18. All documents referencing the Jefferson Bank Judgment, including any payments made in partial satisfaction of that judgment, and all correspondence, memoranda and notes containing any reference to that judgment.

19. All documents containing any reference to any claim or application filed with the Gulf Coast Claims Facility or any other person or entity related to the Deepwater Horizon Oil Spill, commonly referred to as a "BP Claim."

20. All documents which you intend to introduce or would seek to introduce as exhibits or evidence at any hearing held in the Bankruptcy Case on a motion to dismiss or a motion for relief from the automatic stay which either has been or may be filed by the Bank.