**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

AMT, LLC                                             Case No.: 11-30933

Debtor-in-Possession

---

## DISCLOSURE STATEMENT

---

DEBTOR-IN-POSSESSION, AMT, LLC, instituted a Chapter 11 proceeding on May 27, 2011, in the United States Bankruptcy Court for the Northern District of Florida, Pensacola Division. In accordance with Title 11 United States Code Section 1125, the Debtor-in-Possession hereby submits this Disclosure Statement to its creditors and other parties in interest to enable such parties in interest, to make an informed judgment as to whether to approve or reject the Debtor-in-Possession's Chapter 11 Plan of Reorganization filed with the Bankruptcy Court. A copy of the Plan is submitted along with this Disclosure Statement.

The purpose of the Disclosure Statement is to disclose the information, which, in the Debtor's opinion, is material and necessary to enable a creditor to determine whether to accept or reject the Plan. Any creditor whose claim is scheduled in the Debtor's schedules and is not listed as either disputed, unliquidated, or contingent, is deemed to have filed a proof of claim, to the extent of the claim scheduled and absent objection, such claim is deemed to be allowed unless the Plan specifically designates otherwise. If the claim is scheduled as disputed, unliquidated or contingent, the creditor must have filed a proof of claim to be permitted to vote on the Plan and to share in any distribution under the Plan. A creditor may vote to accept or reject the Plan by completing and

mailing to the Debtor's attorney, J. Steven Ford, the ballot that is attached hereto. Please refer to the copy of the enclosed Order, which sets the last date by which ballots must be returned. If the ballot is received after that time, the vote will not be counted.

In order for the Plan to be accepted by creditors, a majority in number and a two-thirds majority in amount of claims filed and allowed in each impaired class of creditors must vote to accept the Plan. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan does not discriminate unfairly and it accords fair and equitable treatment to the class or classes accepting it. In the event a class is unimpaired, it is automatically deemed to accept the Plan.

A class is unimpaired, in essence, if:

a.  Its rights after confirmation are the same as what existed before the commencement of the Chapter 11 case; or

b.  The allowed claims in the class are paid in full, in cash as though matured upon the effective date of the Plan.

If there is no dissenting class, the test for confirmation by the Court is whether the Plan is in the best interest of creditors and is feasible. The Plan must also be proposed in good faith, and must comply with the requirements set forth in Section 1129 of the Bankruptcy Code.

Because the Debtor's plan proposes paying all allowed claims in full in cash upon the effective date of the plan, all classes in the plan are deemed to have accepted the Plan.

NO REPRESENTATION CONCERNING THE DEBTOR, ITS DEBTS, ASSETS, OR THE VALUE OF ITS PROPERTY IS AUTHORIZED BY THE DEBTOR-IN-POSSESSION OTHER THAN AS SET FORTH IN THIS STATEMENT OR IN THE DEBTOR'S PLAN. ANY REPRESENTATIONS OR INDUCEMENTS

MADE TO SECURE AN ACCEPTANCE OF THE PLAN WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT OR IN THE DEBTOR'S PLAN SHOULD NOT BE RELIED UPON IN DETERMINING WHETHER TO ACCEPT OR REJECT THE PLAN.

Creditors are urged to legibly fill in, date, sign, and promptly mail the enclosed ballot within the time frame set forth in the accompanying Order fixing the time for filing acceptances or rejections of the Plan, combined with notice thereof.

## I – BACKGROUND

The Debtor's major asset is 11.77 acres of undeveloped land located on the waterfront on Destin pass. The property was appraised in March, 2011, with a value of $27,850,000.00. The property is subject to a first mortgage in favor of Jefferson Bank and Trust Company who is owed a balance of approximately $5.1 million dollars. The lien of Jefferson Bank and Trust Company also encumbers a separate parcel of property located at 480 Gulf Shore Drive, Destin, Florida, known as Lot 160, Destin Pointe. There are no other mortgages or liens on either parcel except that there are outstanding ad valorem property taxes owed totaling approximately $61,000.00 for both parcels combined.

The Debtor has obtained a loan commitment from Omega Commercial Finance ("Omega") for a loan in the amount of $14,100,000.00. The loan will be secured by the 11.77 acre parcel. The new loan from Omega will not encumber Lot 160, Destin Pointe.

As of the date of this plan, Omega has completed its due diligence and all contingencies have been met. The loan has also been approved by the Bankruptcy Court at a hearing which took place on August 16, 2011. All creditors were provided with notice of the hearing and no creditors objected. Accordingly, the Debtor's request for post-petition financing, in the form of the loan from Omega Commercial Finance, was

approved by an order of the Court entered on August 17, 2011. The loan from Omega Commercial Finance, as described above, shall hereinafter be referred to in this plan and the accompanying disclosure statement as "the loan transaction".

The proceeds from the loan transaction will be sufficient to pay all transactional costs of the loan, including origination fees, broker fees, and other fees and all allowed creditor claims as set forth in this Plan. Additionally, pursuant to the loan agreement, the sum of $2,273,625.00 will be placed in an escrow account to make interest only payments on the loan for a period of eighteen months.

The loan proceeds will be used to pay all loan transactional costs and fees and to fund the above referenced escrow account. Proceeds will also be used to pay the lien of Jefferson Bank and Trust Company, in full, including all amounts owed up to and through the date of closing which includes post-petition interest, costs and attorney's fees. Also, at closing, any delinquent taxes owed on the 11.77 acre parcel will be paid in full so that the new lender, Omega Commercial Finance, will be in a position to obtain a first lien position on the property.

After payment of the loan transactional costs, fees, the claims of Jefferson Bank and Trust Company and any delinquent taxes, all remaining funds shall be escrowed in the Debtor-in-Possession account to be disbursed on the effective date of the plan following confirmation. The net proceeds after payment of all allowed claims as set forth in this plan may be held by the Debtor for operational or future development costs. Alternatively, the Debtor's may, as deemed appropriate by the Debtor, disburse funds to the Debtor's member, but only after all allowed claims have been paid in full.

## INFORMATION REGARDING INSIDERS

The Debtor, AMT, LLC, is owned 100% by ZTF Family, Limited Partnership, which is its sole member. ZTF Family, LP, is, in turn, owned by the Zoe Elyse Bunyard Irrevocable Trust which owns a 99% interest in the limited partnership and is its general partner and ZTF Consulting Group, Inc., which owns a 1% interest and is the limited partner. ZTF Consulting Group, Inc., which owns a 1% interest in ZTF Family, LP, is owned 100% by Stephen Bunyard. The Debtor is managed by a non-member manager, Michael Smallwood, who does not own any interest in the debtor or its principals. Stephen Bunyard provides consulting services to the Debtor, and in turn, is provided with the use of a residential space in the office building owned by the Debtor located at 480 Gulf Shores Drive. The office building is leased to Destin Pointe Realty which pays the sum of $3,500.00 per month to the Debtor for the lease of the premises.

## II- FINANCIAL INFORMATION

### ASSETS

At the time of filing the petition initiating this case, the Debtor's assets consisted of the real property and improvements located at Lot 160, Destin Pointe, in Destin, Florida, and the 11.77 acre parcel described in Article I above. The Debtor believes the current fair market value of the property is in excess of $28,850,000.00. Other assets include personal property consisting of a bank account balance at the time the petition was filed in the amount of $5,130.54, accounts receivable worth $2,014,323.00, and fixed assets in the amount of $555.04. The Debtor is also exploring the possibility of pursuing a claim against BP related to the oil spill from Deepwater Horizen.

## **LIABILITIES**

The Debtor listed the following liabilities in its schedules filed with the Court which are shown below with any amounts set forth in a proof of claim ("claimed") and the estimated amount of the allowed claim ("estimated allowed").

**Secured Claims**

|  | Scheduled | Claimed | Estimated Allowed |
|---|---|---|---|
| Jefferson Bank and Trust Company | $4,842,151.13 | --- | $5,110,017.43* |

**Priority Claims**

|  | Scheduled | Claimed | Estimated Allowed |
|---|---|---|---|
| Okaloosa County Tax Collector | $15,948.98 | $61,633.55 | $61,633.55 |
| Okaloosa County Tax Collector | $24,859.72 | (amounts were combined) | (amounts were combined) |

**Unsecured Claims**

| Creditor | Scheduled | Claimed | Allowed |
|---|---|---|---|
| Burds & Kuntz | $60,000.00 | --- | $60,000.00 |
| GrayRobinson | $85,000.00 | --- | Unknown* |
| Steven Bunyard | $768,000.00 |  | $768,000.00 |
| Stone, Layton, et al | $55,465.44 | --- | $55,465.44 |

*The amount of this claim has not yet been determined. A portion of the scheduled amount includes fees incurred by an entity other than the Debtor. The amount of the claim as agreed upon by the parties or as allowed by the Court following notice and a hearing shall be paid in full.
** Destin Pointe Homeowner's Association was not scheduled as a creditor and has not filed a Proof of Claim. However, a potential claim has been asserted post-petition. This claim will not be deemed to be allowed unless a Proof of Claim is filed and to which no allowance of the claim will be determined by the Court.

## III- ADMINISTRATIVE EXPENSES

The Debtor's attorney in this case, Wilson, Harrell, Farrington, Ford, Wilson, Spain, & Parsons, P.A., agreed to represent the Debtor in this proceeding for the hourly rate of $275.00 per hour for attorney's fees and $75.00 per hour for legal assistant's fees. Prior to the filing of the petition, the Debtor paid its attorney a retainer in the amount of $15,000.00, including the filing fee. Of this amount, $1,039.00 was paid for the Court filing fee and $1,650.00 was applied to pre-petition attorney's fees, leaving a balance of $12,040.00. In addition to the amount listed above, the Debtor's manager forwarded the sum of $17,500.00 which was deposited into the Debtor's attorney trust account. Some portion of these funds may belong to the Debtor and will be deposited into the Debtor in possession account. Some portion of the funds may belong to ZTF Family, L.P. No additional fees will be paid to the Debtor's attorneys until such time as a fee application has been filed with the Court and the amount of the fee has been approved by the Court following a hearing on the fee application. The only other known administrative claims are those fees and costs which will be incurred in connection with closing the above loan transaction.

## IV- LIQUIDATION ANALYSIS

If the Plan is not confirmed and the case is converted to Chapter 7 liquidation, a Chapter 7 Trustee would take possession of the Debtor's assets and would determine whether the Debtor's assets have equity over and above amounts owed to secured creditors. If there is equity in the Debtor's assets, the trustee will attempt to sell those assets and use the equity to distribute to creditors. If there is no equity in the assets, the trustee would surrender secured assets to the secured creditor.

## V- SUMMARY OF THE PLAN

Class 1        Administrative expenses

Class 2        Secured claim of Jefferson Bank and Trust Company

Class 3        Priority claim of Okaloosa County Tax Collector

Class 4        General Unsecured Claims

Class 5        Claim of United States Trustee for Quarterly Fees

Class 6        Claim of ZTF Family, LP.

## VI- CONCLUSION

The materials provided in this disclosure statement are intended to provide you with sufficient information to vote on the proposed plan of reorganization. However, because the plan proposes that all creditors will be paid the full amount of their allowed claim, upon the effective date, in cash, under the Bankruptcy Code, all creditors are deemed to have voted to accept the plan. Notwithstanding acceptance of the plan, the Court must still find that the plan complies with all requirements under the Bankruptcy Code, including the confirmation standards found in Section 1129 of the Bankruptcy Code.

DATED this __25th__ day of August, 2011.

/s/ J. Steven Ford

J. STEVEN FORD, ESQUIRE
Florida Bar Number 512869
Wilson, Harrell, Farrington, Ford,
Wilson, Spain & Parsons, P.A.
307 South Palafox Street
Pensacola, Florida 32591-3430
Telephone: (850) 438-1111
Facsimile: (850) 432-8500
ATTORNEY FOR
DEBTOR-IN-POSSESSION


AMT, LLC


/s/ Michael Smallwood

By: Michael Smallwood
Its Managing Member

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor-In-Possession's Disclosure Statement** has been furnished to Jason Egan, U.S. Trustee, by either electronic mail or regular U.S. Mail, postage prepaid, this __25th__ day of August, 2011.

/s/ J. Steven Ford

J. STEVEN FORD, ESQUIRE