UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:                                                                    Case No.: 11-30933-WSS

AMT, LLC,                                                              Chapter 11

      Debtor.
_____/

**GRAYROBINSON, P.A.'S LIMITED OBJECTION TO
FINAL APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT AND
CONFIRMATION OF THE DEBTOR'S PLAN OF CONFIRMATION**

Pursuant to Federal Rule of Bankruptcy Procedure 3020 and Bankruptcy Code §§ 502(b), 1125, 1126 and 1129, GrayRobinson, P.A. ("GR") objects on the following grounds to Final Approval of the Debtor's, AMT, LLC's, Disclosure Statement and to the Confirmation of the Debtor's Plan of Reorganization (the "Plan"):

### I.     BACKGROUND

1.     The Debtor commenced this Chapter 11 bankruptcy case by filing its voluntary petition on May 27, 2011.

2.     On August 25, 2011, the Debtor filed a Disclosure Statement (D.E. 42) and Chapter 11 Plan of Reorganization (D.E. 41).

### II.    OBJECTION TO FINAL APPROVAL OF DISCLOSURE STATEMENT

3.     The Debtor's Disclosure Statement lists four unsecured claims in including the claim filed by Gray Robinson, P.A. on Page 6. However, the Disclosure fails to reference the correct amount claimed on the Proof of Claim number 4 filed on September 30, 2011 by GR in the amount of $86,071.42.

4.     Furthermore, while the Disclosure Statement includes a section titled "Information Regarding Insiders" on page 5, which states that Stephen Bunyard is the 100%

owner of the Debtor's sole owner and member, the list of the four unsecured claims on Page 6 of the Disclosure Statement lists an Allowed Claim by Stephen Bunyard in the amount of $768,000.00 ("hereinafter referred to as the "Bunyard Claim"). While the Bunyard Claim is by far the largest unsecured claim listed on the Disclosure Statement, there is no mention of any analysis done by the Debtor in respect to any objection to the Bunyard Claim and specifically with respect to his status as an insider as disclosed on paragraph 5.

5. Consequently, GR objects to the final approval of the Disclosure Statement as it fails to include "adequate information" as required under § 1125 of the Bankruptcy Code.

### III.  LIMITED OBJECTION TO PLAN OF REORGANIZATION

6. The Debtor's Plan of Reorganization proposes to pay all allowed unsecured claims in full on the effective date. GR does not object to the proposed payment in full under the Plan of Reorganization except to the extent that the Plan of Reorganization fails to propose to pay interest on such claims and seeks to deem Class 4 an accepting class.

7. Moreover, GR objects to the confirmation of the Plan of Reorganization to the extent that the Debtor seeks to supplant the filing of an objection to GR's claim by inserting a note designated by an asterisk in its Plan of Reorganization stating the amount of the claim is "not yet determined." Under § 502(b), if and when objection to Claim Number 4 filed by GR is filed, then the amount of such claim would have to be determined by the Court. Absent such objection GR's Claim Number 4 is deemed allowed under § 502(a) as filed in the amount of $86,071.42.

8. The Plan of Reorganization provides that the unsecured class is deemed to have accepted the plan for voting purposes without reference to the bases upon which this conclusion is based. To the extent that fails to propose payment of interest to the unsecured class, the class

is impaired under §1124 and cannot be deemed to accept the Plan of Reorganization and circumvent the requirements of §1126.

9. The Bunyard Claim, if objectionable due to Stephen Bunyard's insider status, may be subject to subordination. If so, the Debtor, impermissibly seeks to gerrymander Class 4 in its Plan of Reorganization by including an insider claim which should be separately classified, in an effort to obtain an accepting class of creditors.

WHEREFORE, GrayRobinson, P.A. ("GR") respectfully objects to the Final Approval of the Debtor's Disclosure Statement and Confirmation of the Plan of Reorganization and seeks relief consistent with the foregoing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on this 17th day of October, 2011 upon all interested parties registered to receive electronic notification via this Court's CM/ECF notification system.

Dated: October 17, 2011

Respectfully submitted,
GRAYROBINSON, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

By: */s/ Leyza F. Blanco*
 Leyza F. Blanco
 Florida Bar No.: 104639